UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW  KLINE, *et al.* | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-00353-TWP-DML |
| | ) | |
| GEMINI TRANSPORT, LLC, | ) | |
| AMARILDO  ZERE, | ) | |
| FEDEX GROUND PACKAGE SYSTEM, | ) | |
| INCORPORATED, | ) | |
| DELBERT E. LALLATHON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## Order on Defendants' Motion to Amend Answers

The plaintiffs are three members of the Kline family, who allege they were

injured in a multi-vehicle accident on Interstate 69 in Delaware County, Indiana, on

February 15, 2015.  On August 31, 2016, they filed this action against Gemini

Transport, LLC and its driver Amarildo Zere (when collectively, "Gemini") and

FedEx Ground Package System, Inc. and its driver Delbert Lallathon (when

collectively, "FedEx").  The Klines allege that Mr. Lallathon and Mr. Zere failed to

maintain control of their respective commercial trucks, struck stopped traffic in

front of them, and then struck one another, causing Mr. Zere's truck to strike the

Klines' vehicle and force it off the road.  Complaint, Dkt. 1.

Gemini filed its answer to the complaint on September 27, 2016 (Dkt. 7), and

among other things, asserted an affirmative defense that there were "superseding

and intervening conduct, negligence, and acts of others, including the Plaintiffs and other unknown parties, which was the proximate cause of the accident." Dkt. 9, at p. 18. When FedEx answered the complaint on September 30, 2016, it asserted an identical affirmative defense. Dkt. 13 at p. 9. It further asserted that the Klines "have failed to name other motorists in this action who may be wholly or partially at fault." *Id.* at p. 11.

On February 3, 2017, FedEx filed an "Emergency Motion for Leave to File Amended Answer to Plaintiffs' Complaint and Name Additional Non-Parties," Dkt. 43, and Gemini joined in that motion five days later. Dkt. 44. The motion requests leave to amend to name thirty-two individual nonparties to whom fault may be apportioned under Indiana's Comparative Fault Act, Ind. Code ch. 34-51-2. The Klines oppose the motion on the ground that the defendants have not timely identified these nonparties under the Act.

A description of these thirty-two proposed nonparties is pertinent to the analysis. One of them, William Hall, was—according to the crash report for the accident at issue here ("subject crash report")—the driver of a truck that had come to a stop in front of Mr. Zere and Mr. Lallathon. The other thirty-one individuals are listed drivers from reports on five other crashes ("other crash reports") that the defendants say occurred within a mile and near the time of the accident involving the Klines, FedEx, Gemini, and Mr. Hall. The Klines contend, without dispute from the defendants, that none of the vehicles of these thirty-one individuals identified in the other crash reports made any contact with any vehicle identified in the subject

crash report.  And none of the drivers listed in the other crash reports is identified in the subject crash report.

## Analysis

Under Indiana's Comparative Fault Act, the jury must assess the percentage of fault of each party and "nonparty" that caused or contributed to the plaintiff's injury or damages, and a defendant is responsible for damages only to the extent of the percentage of fault attributed to it.  *See* Ind. Code §§ 34-51-2-8 and 34-51-2-11. *See Owens-Corning Fiberglass Corp. v. Cobb,* 754 N.E.2d 905, 913 (Ind. 2001) (overarching objective of the Comparative Fault Act is proportional allocation of fault).  "Nonparty" is a term of art under the statute, and is a person a defendant identifies in an affirmative defense of its answer as one who—though not named by the plaintiff—caused the plaintiff's damages in full or in part.  Ind. Code § 34-51-2-14.

Section 16 of the Act imposes time limits for raising a nonparty defense. Ind. Code § 34-51-2-16.  It states that a nonparty defense "known" by a defendant when it files its first answer "shall be pleaded as part of the first answer."  If a defendant "gains actual knowledge" of a nonparty defense after filing its first answer, it must plead the defense with "reasonable promptness."  In cases where the defendant is served with the complaint and summons more than 150 days before the statute of limitations would expire on a claim by the plaintiff against the nonparty, then the nonparty defense must be pleaded no later than 45 days before the limitations period expires.  These time limits may be altered by the court where doing so is

consistent with giving the defendant a reasonable opportunity to discover the existence of a nonparty defense and giving the plaintiff a reasonable opportunity to add the nonparty as a defendant before his claim against the nonparty expires. *See id.*

The Klines filed their complaint more than 150 days before the statute of limitations expired, so the Act provides that the nonparty defense had to be pled no later than 45 days before the expiration of the limitations period. FedEx filed its motion only twelve days before the limitations period expired, and Gemini joined the motion only seven days before. Those facts lead the Klines to argue that the defendants have sought leave "in contravention" of the Act. Though the language of the statute is arguably ambiguous on this point, the court will assume for purposes of this motion that it can "alter these time limits" after their expiration to authorize the naming of nonparties beyond the 45-day period when certain standards are met.[1]

The Act requires the court to make certain inquiries in determining the timeliness of a defendant's assertion of a nonparty defense. First, if the nonparty defense was known at the time of the defendant's first answer, it must be pled at that point. The court accepts for purposes of this motion that, except for Mr. Hall, FedEx and Gemini did not know of these nonparties when they filed their original

---

[1]     It is also reasonable to infer, though, that the Indiana Legislature's specific identification of these timeframes creates a presumption or expectation, and that a party who wants the court to alter them bears the burden of demonstrating good cause for that alteration.

4

answers to the complaint.[2]  The Klines do not contend otherwise.  The pivotal

questions therefore are whether FedEx and Gemini acted with "reasonable

promptness" in identifying the nonparties, and whether granting them leave to

amend is consistent with giving them a reasonable opportunity to discover the

nonparty defenses and with giving the Klines a reasonable opportunity to sue the

nonparties before the limitations period expires.  *See* Ind. Code § 34-51-2-16(1).  For

a number of reasons, the court finds that the defendants did not act reasonably

promptly, that they had a reasonable opportunity to identify the nonparties much

sooner, and that the timing of their identification of the nonparties did not give the

Klines a reasonable opportunity to sue these nonparties before the limitations

period expired.

　　　　FedEx's[3] contention that it acted with reasonable promptness centers on its

early occupation with a number of other litigation tasks.  It explains that it didn't

focus sooner on potential nonparties primarily because it was busy briefing the

motion to dismiss or transfer in the Eastern District of Michigan, where this case

was first filed.  *See* Dkt. 48 at pp. 7-8.  It maintains that it acted with reasonable

promptness because it filed its "Emergency Motion" within three days of receiving

the other crash reports that identified drivers involved in other accidents within a

---

[2]　　　　The court assumes the defendants knew of Mr. Hall from the beginning,
because he is identified in the subject crash report.

[3]　　　　The court refers to FedEx's arguments because Gemini has not separately
briefed the issues but has simply joined in FedEx's motion.

mile and near the same time of the accident at issue in this case. But this argument fails, both legally and factually.

The three days between the defendants' "discovery" of the nonparty defenses and the filing of their "Emergency Motion" is not the relevant period for the court to consider. A defendant's diligence in identifying nonparties is measured from the *time it is served with the complaint. Kelly v. Bennett,* 792 N.E.2d 584, 587 (Ind. Ct. App. 2003). From that point forward, a defendant is expected to investigate and take steps, through discovery or otherwise, to determine the existence of a nonparty defense. *Id.* Thus, the defendant must act "reasonably promptly" from the date of service to raise the defense, and it is not enough to act "reasonably promptly" from the date of discovering the defense to bring a motion to add a nonparty defense. *Id. See also Parker v. Rockies Express Pipeline, LLC,* 2012 WL 4481976 at *2 (S.D. Ind. Sept. 28, 2012) (citing *Kelly,* 792 N.E.2d at 587, and *Custer v. Schumacher Racing Corp.,* 2007 WL 2902047 at *2 (S.D. Ind. Aug. 14, 2007)) ("reasonable promptness" is measured within the time period between service of complaint and asserting the nonparty defense, and not the time period between learning of the defense and asserting it). FedEx and Gemini seek to assert the defense about five months after they were served with the complaint. (*See* Dkts. 3, 4, and 6, indicating service on September 6, 2016.)

FedEx's assertions that it acted with reasonable promptness during this period do not withstand scrutiny. First, it was obvious from the outset that other vehicles were involved in the crash at issue. The police report on this particular

crash—which the defendants presumably had or could have easily obtained immediately—identifies seven vehicles.  They further knew from that report (and from their drivers, who are parties here) that adverse weather conditions arguably contributed to a pile-up.  And the report expressly includes the statement of Mr. Hall (a proposed nonparty) [4]  that he had stopped because traffic was stopped as a result of an accident in front of him.  *See* Dkt. 43-2 at p. 3. So the defendants clearly had reason to suspect that other crashes may have occurred, and they could have easily obtained any crash reports for the same time and locale much sooner than they did.  (FedEx points out that these are public documents.)

The only reason FedEx offers for not making this inquiry sooner is that it was focused on other matters in this litigation—specifically, the motion to dismiss or transfer filed in the Eastern District of Michigan, compliance with this court's order requiring a supplemental jurisdictional statement, and the transfer of this case from the New Albany Division to the Indianapolis Division of this court.  It further blames the Klines for necessitating early motions practice relating to what the Eastern District of Michigan ultimately determined was an improper venue.  This explanation is not persuasive.  Gemini—not FedEx—filed the motion to dismiss or transfer.  The entirety of FedEx's briefing on this issue was a one-sentence "concurrence" in the motion.  *See* Dkt. 21.  This court's order requiring a supplemental jurisdictional statement was directed to the *Klines*, and the Klines

---

[4]     The defendants have not offered any explanation for why they didn't seek to add Mr. Hall as a nonparty sooner, because identifying him didn't require obtaining police reports from other accidents.

filed it.  And the transfer of this case from the New Albany Division to the Indianapolis Division was a simple administrative matter addressed at the initial pretrial conference (at which FedEx failed to appear) and accomplished by a *sua sponte* order of the court.  The sum of the time and effort devoted to these activities is not an adequate excuse for FedEx, in its own words, "not dealing with the substantive issues in this case."[5]

The expiration of an applicable limitations period is a critical event that quite frequently occurs very early in a case, and that fact, combined with the dictates of Indiana's Comparative Fault Act, requires defendants to give the nonparty issue early and serious attention.[6]  Though it is, as FedEx points out, still early in this case, it is not early for limitations purposes.

That brings the court to the final element of the balancing the Act directs: giving the Klines a reasonable opportunity to sue the thirty-two individuals the defendants want to name as nonparties.  FedEx claims that the Klines are not

---

[5]    As earlier noted, the court has assumed that the Act authorizes the court to alter the 45-day deadline for naming nonparties after it has expired.  FedEx's argument that it was engaged with procedural issues that kept it from substantive tasks—including identification of potential nonparties—suggests an interesting inquiry.  What if the defendants, citing their occupation with procedural matters, had moved *before* the expiration of the 45-day deadline for an extension of that deadline to only twelve days before the limitations period ran?  The court would have found that manifestly unreasonable.

[6]    It would also not be an acceptable explanation that the application of Indiana's Act was a surprise to anyone.  Gemini (joined by FedEx) argued as early as September 27, 2016, that this case should be transferred to Indiana, which follows *lex loci delicti* choice of law principles in negligence cases.

prejudiced by amendment—that its filing gave them eleven days to sue these individuals.  The prejudice to the Klines was self-inflicted, FedEx argues, because they did not try to sue them and because they took the entire fourteen-day period the local rules afforded to respond to the defendants' motion.  FedEx further dismisses the Klines' lament that they faced a Hobson's Choice, responding that the Klines could have both sought leave to amend their complaint and filed an earlier opposition to amendment of the defendants' answers.

The latter point is technically true,[7] but it misses the larger issue:  under all the circumstances, including the defendants' failure to make an early review of "the substantive issues in this case," would granting the defendants leave to amend be consistent with giving the Klines a reasonable opportunity to sue these thirty-two individuals within—at most—eleven days?  The court finds that it would not. Again, no party at this point disputes that these thirty-two individuals were not mentioned in law enforcement's report on the crash at issue in this case.  No one disputes that the vehicles of these individuals did not come into contact with any vehicle listed in the crash report.  The defendants, to this point, have not specifically articulated any theory of liability against them.  Federal Rule of Civil Procedure 11 provides that by filing any pleading or other paper the filing attorney certifies, among other things, that he or she has made a reasonable inquiry under

---

[7]     The court does agree that it would have been wiser for the Klines to have filed their opposition brief sooner, but it would not have changed the court's conclusions.

the circumstances and that the factual contentions in that filing have evidentiary support or are likely to have evidentiary support after reasonable investigation or discovery.  It is unrealistic to expect the Klines' counsel to have made that sort of assessment and certification in the little time they had.

And apart from the investigation mandated by Rule 11, the Klines also would have had to prepare and file a motion for leave to amend that included a discussion of the factors a court should consider when allowing amendment, and in particular an amendment that would destroy subject matter jurisdiction, as it would have here.[8]  Then the court would have had to rule on that motion.  The defendants' argument that eleven days gave the Klines a reasonable opportunity to add these thirty-two new parties is not convincing.

## Conclusion

The defendants' attempt to name nonparties was not timely under section 16 of Indiana's Comparative Fault Act.  FedEx's Emergency Motion for Leave to File Amended Answer to Plaintiffs' Complaint and Name Additional Non-Parties (Dkt. 43) is DENIED.  Because Gemini joined in that motion (Dkt. 44), it is also DENIED.

SO ORDERED.

Date: _____3/1/17_____

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

---

[8]     The court does, however, reject the Klines' assertion of extra complications in case management as a basis for denying leave.

10

Distribution:

All ECF-registered counsel of record by email through the court's ECF system