| | |
|---|---|
| MATTHEW KLINE and MARK KLINE, Individually and on behalf of minor HAYDEN KLINE,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>GEMINI TRANSPORT, LLC, AMARILDO ZERE, FEDEX GROUND PACKAGE SYSTEM, INCORPORATED, and DELBERT E. LALLATHIN, JR.,  )<br>)<br>)<br>)<br>)<br>Defendants.  ) | Case No. 1:17-cv-00353-TWP-DLP |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendants FedEx Ground Package System, Inc. ("FedEx") and Delbert E. Lallathin, Jr. ("Lallathin") (collectively, "Defendants") (Filing No. 78). Following a multi-vehicle car accident during a winter storm, Plaintiffs Matthew Kline and Mark Kline, individually and on behalf of his minor daughter Hayden Kline, (collectively, "Klines" or "Plaintiffs") filed this negligence action against the Defendants as well as co-defendants Gemini Transport, LLC ("Gemini") and Amarildo Zere ("Zere"). The Defendants filed their Motion for Summary Judgment, asserting that the evidence shows they did not breach a duty to the Klines and did not cause the Klines' injuries or damages. Also before the Court is Defendants' Motion for Leave to File Supplemental Reply in Support of FedEx Ground Package System, Inc.'s and Delbert E. Lallathin, Jr.'s Motion for Summary Judgment, (Filing No. 93), and Motion for Hearing on Motion for Summary Judgment, (Filing No. 106). For the following reasons, the Court **grants** the Motion for Summary Judgment and **denies** the remaining motions.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to the Klines as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

On February 14, 2015, Matthew Kline was driving southbound on Interstate 69 near Washington Township, Indianapolis, Indiana, with Mark Kline and Hayden Kline as passengers. Lallathin also was driving southbound on Interstate 69 in this same area, driving a FedEx tractor-trailer. Zere was driving a Gemini tractor-trailer in the same area, also heading southbound on Interstate 69 (Filing No. 1 at 2–4).

Lallathin was driving a tandem FedEx tractor-trailer. Although he had not previously encountered visibility issues while driving that day, Lallathin testified there was a sudden loss of visibility, which he referred to as a whiteout (Filing No. 79-4 at 10–11). The wind was blowing snow drifts, which reduced visibility, and the roads were slick (Filing No. 79-5 at 5–6; Filing No. 90-2 at 5). Lallathin emerged from the blinding whiteout condition in the road to see a tractor-trailer stopped in the roadway in front of him (Filing No. 79-4 at 7–9, 12). There were twenty-eight vehicles involved in an accident at this location (Filing No. 79-5 at 4).

Lallathin put on his flashing hazard lights and slowed his FedEx truck (Filing No. 79-4 at 10). He moved into the left lane in an attempt to avoid a collision. As he moved to the left, the rear trailer on his tandem tractor-trailer jackknifed, and his rear trailer struck another tractor-trailer stopped in the road. Lallathin did not strike any object with his tractor-trailer other than his rear trailer striking the stationary tractor-trailer. *Id.* at 8–9, 12–13. Lallathin's truck came to a stop in the left lane and median of the highway (Filing No. 79-5 at 5, 7; Filing No. 90-2 at 7).

Soon thereafter, Zere approached the scene of the multi-vehicle accident while driving his Gemini tractor-trailer. He also was dealing with reduced visibility because of the whiteout conditions. He was able to see for a second and then the next second he was unable to see anything. Once he could see again, he was able to see only one to two truck lengths ahead of him. Zere's truck was traveling in the right lane when it emerged from the whiteout conditions. When the whiteout cleared, Zere saw many vehicles involved in an accident stopped in front of him ([Filing No. 79-5 at 5](Filing No. 79-5 at 5)–7). Zere made a last second veer to the left in order for the right side of his tractor to absorb the impact of the collision. Zere made this maneuver also to prevent his tractor from crashing into two cars that had collided with the FedEx truck ([Filing No. 90-3 at 3](Filing No. 90-3 at 3), 5). Lallathin's FedEx truck was to the left of Zere's truck when Zere veered to the left and collided with another truck ([Filing No. 79-5 at 7](Filing No. 79-5 at 7)).

When Zere's truck collided with another stopped truck (not Lallathin's FedEx truck), this collision caused Zere's truck to slide to the right and collide with the Klines' vehicle, which was forced off the roadway and into a ditch ([Filing No. 79-5 at 7](Filing No. 79-5 at 7)–8; [Filing No. 90-5 at 3](Filing No. 90-5 at 3); [Filing No. 1 at 2](Filing No. 1 at 2)–4). The Klines sustained multiple injuries to their face, neck, head, and back ([Filing No. 1 at 2](Filing No. 1 at 2)). Zere did not collide with Lallathin's FedEx truck. The FedEx truck did not come into contact with either Zere's Gemini truck or the Klines' vehicle ([Filing No. 79-5 at 7](Filing No. 79-5 at 7)–8; [Filing No. 79-4 at 7](Filing No. 79-4 at 7)–9). Zere acknowledged that Lallathin and the FedEx truck did not cause him to do, or not do, anything as he approached the accident scene. Zere simply was reacting to a large group of vehicles ([Filing No. 79-5 at 10](Filing No. 79-5 at 10)).

Matthew Kline acknowledged that he knows of no basis to say that Lallathin's FedEx truck caused or contributed to their accident ([Filing No. 79-6 at 4](Filing No. 79-6 at 4)). Matthew Kline could not recall seeing Lallathin's FedEx truck before the accident ([Filing No. 90-5 at 3](Filing No. 90-5 at 3)). Similarly, Mark Kline, who

was a passenger in Matthew Kline's vehicle, acknowledged that he knows of no basis to say that Lallathin's FedEx truck caused or contributed to their accident, and he could not recall seeing the FedEx truck before the accident (Filing No. 79-7 at 3–5).

On August 31, 2016, the Klines filed their Complaint against Zere, Gemini, Lallathin, and FedEx, asserting claims of negligence and vicarious liability and requesting compensatory and punitive damages (Filing No. 1). Following discovery, on November 29, 2017, Lallathin and FedEx filed their Motion for Summary Judgment, arguing that the evidence has revealed that Lallathin and FedEx did not cause the Klines' injuries and they did not breach any duty to the Klines (Filing No. 78).

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 106 S.Ct. 1348 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively

4

demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III. DISCUSSION

In their Motion for Summary Judgment, Lallathin and FedEx argue that there are no facts to support a claim of negligence against them because the elements of breach and causation are lacking. They also have filed related motions, asking for leave to file a "supplemental reply" in support of their Motion for Summary Judgment and asking for oral argument on the Motion. The Court will first address the Motion for Summary Judgment and then turn to the related motions.

A.   **Motion for Summary Judgment**

In order for the Klines' negligence claims against the Defendants to proceed, the Klines must present evidence supporting each of the elements of a claim for negligence: (1) a duty was owed to the plaintiff by the defendant; (2) the defendant breached that duty by allowing conduct that fell below the applicable standard of care; and (3) compensable injury proximately caused by

5

the defendant's breach of duty. *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). The Defendants assert that there is no evidence to support the elements of breach or causation.

The Klines alleged in their Complaint that Lallathin was negligent by striking Zere's truck, which caused Zere to strike the Klines' vehicle, which caused the Klines to be forced off the road and into a ditch. The allegations in the Complaint also claim that Lallathin was negligent by failing to operate his truck in a safe manner and in accordance with traffic laws. However, the Defendants assert, following discovery, it has become clear that these allegations in the Complaint are not correct. They point out that the testimony of the parties undisputedly establishes that Lallathin's FedEx truck never struck and was never struck by Zere's truck, and Lallathin's truck never struck the Klines' vehicle. The FedEx truck came to a complete stop before Zere arrived at the scene of the multi-vehicle accident in front of him. The Defendants reiterate that Zere never struck Lallathin's truck, and Zere testified that he did not believe the presence of Lallathin's truck affected anything he did.

The testimony of Zere and Lallathin is not contradicted by any other witness, including Matthew Kline and Mark Kline, who did not see Lallathin's truck before the accident and who know of no reason to think that Lallathin's truck caused or contributed to their accident. Defendants assert that there is no evidence to support the allegations in the Complaint that Lallathin failed to obey traffic laws or to obey traffic devices. Thus, they argue the evidence negates any basis to establish that Lallathin breached a duty to the Klines or that he caused their injuries. The Defendants further argue that this same evidence and line of reasoning negates any basis to support the Klines' request for punitive damages because of "gross negligence".

In response to the Motion for Summary Judgment, the Klines concede:

6

> When Plaintiffs filed their complaint, the only facts known to them was what they personally saw or knew and the crash report produced by the police. …
>
> During discovery, it became clear that the FedEx truck did not come into contact with the Gemini truck at all. The testimony of both Mr. Zere and Mr. Lallathin confirms this. It is also clear that the FedEx truck never struck Plaintiffs' vehicle. On these facts Plaintiffs agree with FedEx and Lallathin (though Plaintiffs do not necessarily agree with all the facts identified in their motion for summary judgment). Plaintiffs, essentially, agree that FedEx and Lallathin were not proximate causes of Plaintiffs' injuries. …

([Filing No. 89 at 1](#)–2.)

Co-defendants Zere and Gemini oppose Lallathin's and FedEx's Motion for Summary Judgment. They assert that the following material facts create a dispute that precludes summary judgment:

1. Whether Delbert Lallathin breached his duty and operated his tractor-trailer units too fast for existing weather and road conditions resulting in him striking a stationary tractor-trailer unit and blocking the left lane, shoulder and median of southbound I-69.

2. Whether Delbert Lallathin's blocking of the left lane, shoulder and median of southbound I-69 eliminated the potential "out" for Amarildo Zere to take evasive action.

3. Whether Delbert Lallathin's blocking of the left lane, shoulder and median of southbound I-69 and removing Zere's "out" to take evasive action was a proximate cause of the subject accident.

4. Whether Zere's trailer unit slid to the right following impact with the stopped vehicle or whether the Klines struck Zere's unit from the rear.

([Filing No. 90 at 2](#)–3.)

Zere and Gemini argue there is a dispute regarding whether Lallathin operated his FedEx truck in a reasonable and lawful manner because he struck a stationary truck on the interstate in adverse weather conditions. They assert that, if this conduct is not a breach of the general duty owed to other motorists, then this argument also should apply to Zere because he struck the same

7

stationary truck only moments later. Zere and Gemini also assert that testimony shows Lallathin passed Zere at some point before the accident, thus raising an issue as to Lallathin's speed.

Regarding causation, Zere and Gemini argue that Lallathin's and FedEx's argument is flawed because there is no requirement that there be physical contact between Lallathin's FedEx truck and Zere's truck for proximate cause to be attributed to Lallathin. They argue that Zere's testimony establishes he purposely drove the right front of his tractor into the left rear of the stationary trailer in order to absorb the impact rather than driving into the two vehicles which had just run into the FedEx truck which was blocking the left lane, left shoulder, and median. Zere and Gemini argue that if the FedEx truck had not been there, a jury could reasonably conclude that Zere could have veered left just as the FedEx truck did, but Lallathin had eliminated this option by blocking everything from the middle of the interstate to the median barrier.

Zere and Gemini assert that Lallathin's actions led directly to the actions taken by Zere, which the Klines allege caused their accident. They assert that they "believe there was no negligence on behalf of any of the parties in this unfortunate whiteout incident involving nearly 30 vehicles," but the evidence is clear that to the extent there was negligence, "a jury should be able to assess the actions of FedEx, Lallathin, Gemini, Zere and the Klines as the actions of all of them occurred within moments of each other and as a consequence of the actions of each of them." ([Filing No. 90 at 10](#).)

In their Reply Brief, the Defendants note that the Plaintiffs agree that FedEx and Lallathin are not the proximate cause of their injuries, and when the Plaintiffs filed their Statement of Claims after the summary judgment motion had been filed, they did not include any claims against FedEx and Lallathin (*see* [Filing No. 86](#)). FedEx and Lallathin point out that facts of what actually

happened are undisputed. In Zere's deposition testimony he admitted that Lallathin did not cause him to do anything –

> Q Was any of the FedEx tractor or trailer in the right-hand lane that you were traveling in?
>
> A No.
>
> Q Did the actions of the FedEx vehicle make you do or not do anything as you were approaching the accident scene?
>
> A No.

([Filing No. 79-5 at 10](#)).

Regarding Zere's and Gemini's assertion that there is a factual issue about Lallathin's speed, the Defendants argue that Zere testified he was not sure whether the FedEx truck that passed him was the same FedEx truck driven by Lallathin, and such speculative testimony cannot defeat a motion for summary judgment (*see* [Filing No. 91-1 at 6](#)–7). They also contend that, pursuant to Federal Rule of Evidence 404(b), such speculative testimony of speeding cannot be used to show a person's character and later action in conformity therewith. They assert that Zere and Gemini may not argue that five minutes before the accident Lallathin passed Zere, so he must have been driving too fast for the weather conditions at the time of the accident.

FedEx and Lallathin argue that Zere's and Gemini's four paragraphs of "material issues of fact" are not actually material and are not based in the evidence in light of Zere's testimony that Lallathin did not cause him to do or not do anything. The idea that Zere was "deprived of a potential out" is a speculative and creative argument crafted by Zere's attorney. The facts reveal that Lallathin and FedEx did not cause the Klines' injuries.

"Whether a particular act or omission amounts to a breach . . . is generally a question of fact for the jury." *Devereux v. Love*, 30 N.E.3d 754, 763 (Ind. Ct. App. 2015). Additionally,

9

"proximate cause is generally a question of fact." *Bunger v. Brooks*, 12 N.E.3d 275, 282 (Ind. Ct. App. 2014). However, the Court notes that "breach can become a question of law where the facts are undisputed and only a single inference can be drawn therefrom," *Devereux*, 30 N.E.3d at 763, and proximate cause "becomes a question of law where only a single conclusion can be drawn from the facts." *Bunger*, 12 N.E.3d at 282.

The facts of what actually occurred in this case are undisputed. Lallathin came upon the scene of a multi-vehicle accident and became aware of it suddenly when he emerged from a snowy, whiteout condition. To avoid colliding with a stopped tractor-trailer, Lallathin swerved to the left and his rear trailer jackknifed and hit the stopped tractor-trailer. Lallathin's FedEx truck came to rest in the left lane, left shoulder, and median. Thereafter, Zere came upon the scene of the accident. The whiteout conditions also inhibited Zere's vision. He was driving in the right lane, and Lallathin's FedEx truck was to his left. When he suddenly became aware of the stopped vehicles in front of him, Zere also swerved to the left. He also collided with the other stopped tractor-trailer. This collision caused Zere to slide to the right and collide with the Klines' vehicle, which was then forced off the roadway and into a ditch. Zere did not collide with Lallathin's FedEx truck and Lallathin's truck did not come into contact with Zere's truck or the Klines' vehicle.

Zere's and Gemini's alleged disputed material facts are based on speculation and conjecture rather than on the evidence. And speculation and conjecture cannot defeat a summary judgment motion. *Dorsey*, 507 F.3d at 627. They argue that Lallathin's conduct was a proximate cause to the Klines' injuries because he took away the "potential out" for Zere to swerve to the left and avoid the collision with the other stopped tractor-trailer and the Klines. This argument is not based in factual evidence of what actually happened but rather is a highly speculative suggestion

10

of what Zere might have been able to do or what he possibly could have done differently. This contention is not sufficient to defeat a summary judgment motion.

Also fatal to this argument is the fact—supported by the undisputed evidence—that Zere actually did swerve to the left when confronted with the stopped vehicles in front of him. Counsel argues that Lallathin's conduct proximately caused the damage because Lallathin took away the "potential out" for Zere to swerve to the left, yet Zere did swerve to the left and still collided with the stopped tractor-trailer and the Klines' vehicle.

The argument that there is a dispute whether Lallathin was speeding and driving in an unreasonable and unsafe manner also is unavailing. Zere's and Gemini's evidence is simply their personal speculation that Lallathin was speeding at the time of the accident because, at some earlier time, Lallathin may have passed Zere on the road. However, this speculation cannot defeat summary judgment. Importantly, Zere's own testimony suggests that the driver of the FedEx truck was not speeding when a FedEx truck (possibly driven by Lallathin) passed Zere. He testified,

Q Do you know how fast the FedEx truck was going when it passed you?

A He was under the limit.

Q Under the speed limit?

A Oh, yeah, he was under it, because I was slower than the speed limit.

([Filing No. 91-1 at 5](Filing No. 91-1 at 5)).

Zere's and Gemini's opposition to summary judgment is based on speculation and immaterial assertions, not material disputes of fact. The undisputed evidence of facts points to only one conclusion—the Klines' injuries were not caused by a breach of a duty by Lallathin or FedEx. The Plaintiffs themselves agree that Lallathin and FedEx "were not proximate causes of Plaintiffs' injuries." ([Filing No. 89 at 2](Filing No. 89 at 2).) The Plaintiffs in fact dropped their claims against

11

Lallathin and FedEx from their Statement of Claims (Filing No. 86). Interestingly, Zere and Gemini also asserted that they "believe there was no negligence on behalf of any of the parties in this unfortunate whiteout incident involving nearly 30 vehicles." (Filing No. 90 at 10.)

The negligence claims asserted against Lallathin and FedEx are appropriately disposed of at the summary judgment stage because the undisputed evidence shows the elements of the claims cannot be established.

**B.     Motion to File Supplemental Reply and Motion for Oral Argument**

Lallathin and FedEx filed a Motion for Leave to File a Supplemental Reply (Filing No. 93) to support their summary judgment motion because the Plaintiffs provided an expert accident reconstruction report to the parties the day after Lallathin and FedEx filed their Reply Brief. They ask for leave to file a supplemental reply to address the expert report, which places no fault on them, since the report was not disclosed until after the Reply Brief was filed.

Zere and Gemini respond that leave should not be granted to file a supplemental reply because the timing of the Plaintiffs' expert witness disclosure complied with the case management deadlines. If a party intended to use expert testimony in connection with a dispositive motion, then such expert disclosures were required at least ninety days prior to the dispositive motions deadline. In this case, the dispositive motions deadline was December 13, 2017, meaning that if expert testimony was going to be used in connection with a motion for summary judgment, it had to be served by September 14, 2017. But the expert testimony that FedEx and Lallathin attempt to present was not served until January 12, 2018. Zere and Gemini argue that using this expert report would be contrary to the case management plan.

The Court agrees that, in the interest of justice and to comply with the parties' agreed upon case management plan, the Motion for Leave to File a Supplemental Reply ([Filing No. 93](#)) is **denied**.

Lallathin and FedEx also filed a Motion for Oral Argument on the Motion for Summary Judgment ([Filing No. 106](#)). The parties more than adequately addressed the issues in their written briefs, and in light of the Court's determinations above, oral argument is not necessary to resolve the summary judgment motion. Accordingly, the Motion for Oral Argument is **denied**.

### IV. CONCLUSION

For the reasons stated above, FedEx and Lallathin's Motion for Summary Judgment is **GRANTED** ([Filing No. 78](#)), and judgment is entered in their favor. The Clerk is instructed to **terminate** FedEx and Lallathin as defendants in this action. The Motion for Leave to File a Supplemental Reply ([Filing No. 93](#)) and Motion for Oral Argument ([Filing No. 106](#)) are **DENIED**. No partial final judgment will be issued at this time, instead, final judgment will be made upon conclusion of all claims in this action. In addition, the **Clerk** is directed to update the docket to reflect the correct spelling of Defendant Delbert E. Lallathin, Jr.'s name as noted in [Filing No. 79-4](#).

The Klines' claims against Gemini and Zere may proceed to trial.

SO ORDERED.

Date: 6/22/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joshua Leizerman
E.J. LEIZERMAN & ASSOCIATES
joshua@leizerman.com

Michael J. Leizerman
E.J LEIZERMAN & ASSOCIATES
3450 West Central Avenue, Suite 328
Toledo, Ohio 43606

Samuel W. Jarjour
sam@jarjourlaw.com

Eric P. Conn
SEGAL MCCAMBRIDGE SINGER & MAHONEY
39475 Thirteen Mile Road, Suite 203
Novi, Michigan 48374

David J. Yates
SEGAL MCCAMBRIDGE SINGER & MAHONEY
39475 Thirteen Mile Road, Suite 203
Novi, Michigan 48374

Robert D. Emmerson
DEFUR VORAN LLP
remmerson@defur.com

Deborah A. Kapitan
KOPKA PINKUS DOLIN PC (Crown Point)
dakapitan@kopkalaw.com

James H. Milstone
KOPKA, PINKUS DOLIN PC
jhmilstone@kopkalaw.com

Kevin J. Plagens
KOPKA PINKUS DOLIN PLC
kjplagens@kopkalaw.com

Ryan J. Schoffelmeer
KOPKA PINKUS DOLIN PC (Crown Point)
rjschoffelmeer@kopkalaw.com